UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DYKES,

        Plaintiff,                Case Number: 2:13-CV-13812

v.                                    HON. JOHN CORBETT O'MEARA
                                            UNITED STATES DISTRICT JUDGE

McROBERTS, ET AL.,

        Defendants.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

This is a *pro se* civil rights case brought under 42 U.S.C. § 1983. Michigan prisoner Robert Dykes (Plaintiff), currently incarcerated at the Michigan Reformatory in Ionia, Michigan, alleges that he was denied due process during the prison grievance process and during prison misconduct proceedings. Plaintiff names seven defendants, all employees of the Michigan Department of Corrections. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. For the reasons that follow, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**I.    Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e©; 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**II.   Discussion**

First, Plaintiff challenges a prison misconduct proceeding. A prisoner's ability to challenge a prison misconduct conviction depends on whether the conviction implicated any liberty interest. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that must be followed before depriving a prisoner of good-time credits on account of alleged misbehavior. This decision did not create a right to due process that attaches to all prison disciplinary proceedings. The right to due process arises only when the prisoner faces a loss of liberty. The loss of good-time credits may implicate due process concerns where the good time credits create a right to a shorter sentence rather than when they are simply one factor considered by the parole board.

Plaintiff does not allege the loss of good-time credits, nor would such an allegation save Plaintiff's claims. In Michigan, prisoners, like Plaintiff, who were convicted after April 1, 1987 the loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence because the parole board retains discretion to grant or deny parole. *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007).

Even absent a due process interest in disciplinary credits, a prisoner may be able to

3

raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation. *See Sandin v. Connor*, 515 U.S. 472 (1995). From the information contained in the complaint, it appears that Plaintiff lost privileges for a single day. The Sixth Circuit has found that loss of privileges does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Wolff v. McDonnell, 418 U.S. 539, 571 n. 19 (1974)* ("We do not suggest, however, that the procedures required by today's decision for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges."); *Ingram v. Jewel,* 94 F. App'x 271, 273 (6th Cir. 2004) (fourteen-day loss of privileges did not impose an atypical, significant deprivation); *Dixon v. Morrison,* 2013 WL 6512981, *7 (W.D. Mich. Dec. 12, 2013) (fifteen-day loss of privileges did not impose an atypical, significant deprivation implicating due process). Plaintiff has not identified any significant and atypical deprivation arising from his misconduct conviction. Because Plaintiff's misconduct conviction did not result in either an extension of the duration of his sentence or some other atypical hardship, his due-process claim fails. *See Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004).

Plaintiff also argues that his right to due process was violated during the prison grievance process. It is well-settled that a Michigan prisoner does not have a due process right to an inmate grievance procedure or the right to an effective procedure. *See Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983);

*Wynn v. Wolf*, No. 93–2411, 1994 WL 105907, *1 (6th Cir. March 28, 1994). Thus, Plaintiff's dissatisfaction with the defendants' responses to his complaints or grievances fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (prisoner failed to state a claim based upon defendant's failure to investigate grievance); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).

### III.   Conclusion

For the reasons stated, the Court concludes that the complaint fails to state a claim upon which relief may be granted.

Accordingly, IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

IT IS FURTHER ORDERED, that if Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                    s/John Corbett O'Meara
                    United States District Judge

Date: December 19, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 19, 2013, using the ECF system and/or ordinary mail.

                    s/William Barkholz
                    Case Manager